# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| CALEB RAVIN,[1] | § |
| | § No. 254, 2021 |
| Petitioner Below, | § |
| Appellant, | § |
| | § Court Below–Family Court |
| v. | § of the State of Delaware |
| | § |
| LYNN SPEARS, | § |
| | § File No. CN12-06874 |
| Respondent Below, | § Petition No. 20-03968 |
| Appellee. | § |

Submitted: January 7, 2022
Decided: March 21, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After careful consideration of the appellant's opening brief and the record on appeal, it appears to the Court that:

(1) The appellant, Caleb Ravin, filed this appeal from the Family Court's August 4, 2021 order declining to accept his motion to revoke a child support consent order. After careful consideration, we vacate the order and remand to the Family Court.

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

(2)     Ravin and the appellee, Lynn Spears, are the parents of a son, born in 2009 (the "Child"). The global Family Court Docket reflects that the parties have a history of filing petitions related to both child custody and child support dating back to December 2012. Relevant here, Ravin pays Spears six hundred dollars a month in child support under a consent order entered on September 5, 2013 (the "Child Support Order"). On July 5, 2019, Ravin filed a motion to revoke the Child Support Order, which the Family Court denied. Ravin did not appeal. Instead, Ravin filed another motion to revoke the Child Support Order on July 24, 2019. A Family Court Commissioner denied the motion on the basis of *res judicata*. The Family Court affirmed the commissioner's order, and we affirmed the Family Court's judgment on appeal.[2]

(3)     Under a December 13, 2018 Family Court custody order, the parties shared joint legal custody of the child; the child resided primarily with Spears, who was given permission to relocate to Georgia; and Ravin enjoyed regular visitation with the Child (the "2018 Custody Order"). In February 2020, Spears filed a petition to modify the 2018 Custody Order as well as a petition for a rule to show cause why Ravin should not be found in contempt of court for violating the 2018 Custody Order. Following a hearing on the merits, the Family Court granted Spears' petitions

---

[2] *Ravin v. Spears*, 2020 WL 3605948 (Del. July 1, 2020).

on July 30, 2020 (the "2020 Custody Order"). The Family Court found that continued enforcement of the 2018 Custody Order may endanger the child's physical health or significantly impair the child's emotional development.[3] Accordingly, the Family Court awarded Spears sole custody of the child and terminated Ravin's visitation with the child until Ravin has completed a mental health evaluation and all recommended treatment and/or until the child reaches the age of fifteen. The Family Court also found that Ravin had violated the custody order and ordered Ravin to reimburse Spears for the costs she incurred with filing the rule to show cause petition. Finally, the Family Court expressed concerns with Ravin's frivolous filings and ordered that no future filing of Ravin's would be accepted until the court reviewed the filing first. Ravin did not appeal.

(4) In July 2021, Ravin again moved to have the Child Support Order vacated. The Family Court declined to assign a petition number to or docket Ravin's motion. Instead, the Family Court cited the 2020 Custody Order's provision that the court would not accept filings from Ravin prior to the court's preliminary review. Having reviewed the filing, the Family Court found that Ravin's motion was barred by the doctrine of *res judicata* and returned the filing to him. Although the Family

---

[3] *See* 13 *Del. C.* § 729(c)(1) (providing that a child custody order entered by the Family Court after a full hearing on the merits may only be modified within two years if the court finds that the continuing enforcement of the prior order may endanger the child's physical health or significantly impair his emotional development).

3

Court declined to docket Ravin's motion, it nevertheless fashioned its letter to Ravin as an order and docketed the order in the petition number associated with the 2020 Custody Order. Ravin has appealed.

(5) On appeal, Ravin argues that the Family Court erred by refusing his filing because it was unrelated to the 2020 Custody Order and that he was induced into agreeing to the Child Support Order under duress. Although we express no view on Ravin's duress argument, and the Family Court is understandably frustrated with repetitive and frivolous filings, the better practice is to require Ravin to follow the procedure in 10 *Del C.* § 8803(e) before his pleading is considered by the court.[4] And, if the court allows the pleading to be docketed, it can deny it as frivolous without an adversarial presentation if warranted.[5]

---

[4] 10 *Del. C.* § 8803(e) ("When a court finds that a litigant has abused the judicial process by filing frivolous or malicious litigation, the court may enjoin that litigant from filing future claims without leave of court. When so enjoined, any future requests to file claims must be accompanied by an affidavit certifying that: (1) The claims sought to be litigated have never been raised or disposed of before in any court; (2) The facts alleged are true and correct; (3) The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised; (4) The affiant has no reason to believe the claims are foreclosed by controlled law; and (5) The affiant understands that the affidavit is made under penalty of perjury.").

[5] Fam. Ct. R. Civ. P. 7(b)(4) ("If the affidavits and other material submitted with the original moving papers do not make out a prima facie case for the relief requested, the motion may be denied by the [Family] Court.").

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is VACATED. The case is REMANDED for further proceedings consistent with this Order. Jurisdiction is not retained. The mandate shall issue forthwith.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice